**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Community House Reach Out,** | ) | **CASE NO. 1:15 CV 2645** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Timothy Loehmann,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff, Community House Reach Out ("CHRO") filed this wrongful death suit purportedly on behalf of Samaria Rice, against Cleveland Police Officers Timothy Loehmann and Frank Garmbach.  In the Complaint, CHRO claims Loehmann was unfit for duty and seeks ten million dollars in damages for the death of Tamir Rice.

### BACKGROUND

The Complaint is very brief and contains few facts.  It indicates Loehmann was rejected for employment by the Cuyahoga County Sheriff's Department and could not follow directions, making him unfit for duty.  CHRO seeks damages for wrongful death for Tamir Rice on behalf of Samaria Rice.

The Complaint is not signed and no individual's name appears on the pleading as the person who submitted the Complaint on behalf of CHRO.  There is also no indication that

Samaria Rice is aware that an action for damages was submitted on her behalf.  Indeed, she is a Plaintiff in a case against Loehmann pending in this District Court, and she is represented by counsel in that action.  *See Winston v. City of Cleveland*, No. 1:14 CV 2670 (N.D. Ohio filed Dec. 5, 2014)(Oliver, J.).  CHRO does not indicate its connection to either Samaria Rice or Tamir Rice.

## STANDARD OF REVIEW

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may dismiss an action *sua sponte* if the Court clearly lacks jurisdiction over the matters presented in the Complaint, or if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  This action is not properly before this Court, and therefore the Court lacks jurisdiction to hear this case.

## DISCUSSION

In general, a party may plead and conduct his or her case in person or through a licensed attorney.  *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1]  An adult litigant who wishes to proceed *pro se* must personally sign the Complaint

---

[1]    28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

to invoke this Court's jurisdiction.  *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988).  The Complaint is not signed.  This Court's jurisdiction has not been invoked.

Furthermore, the unidentified person who filed the Complaint did so on behalf of a corporate or charitable entity which, in turn, purportedly seeks to represent the interests of Samaria Rice.  A corporation or partnership or association may appear in the federal courts only through licensed counsel.  *Rowland v. California Men's Colony Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993).  The rationale for that rule applies equally to all artificial entities.  *Id*.  Therefore, CHRO cannot appear *pro se*.  It can only file an action through a licensed attorney.  Moreover, the unidentified individual who filed the Complaint cannot engage in the practice of law by filing and litigating an action on behalf of Ms. Rice, unless that individual is a licensed attorney and has been retained by Ms. Rice to litigate this action.  There is no suggestion that the pleading was filed by a licensed attorney with the consent of either CHRO or Ms. Rice.

Even if the case were filed by counsel, CHRO has not established standing to assert wrongful death claims on behalf of the Estate of Tamir Rice, or Tamir Rice's family.  In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the Court decide the merits of the dispute or of particular issues."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  The concept of standing has two components: Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits

-3-

on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751 (1984).  To establish Article III standing, the Plaintiff must show that the Defendants' conduct caused the Plaintiff to suffer an "injury in fact" that a favorable judgment will redress.  *See Lujan*, 504 U.S. at 560-561.  Prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a Plaintiff's Complaint fall within the zone of interests protected by the law invoked." *Allen*, 468 U.S. at 751.

Here, CHRO is not seeking to assert its own rights and does not base its claim on its own injuries. Instead, it seeks to collect monetary damages for the alleged violation of Tamir Rice's constitutional rights and those of his family members.  CHRO has not established that it has standing to bring this wrongful death claim.

**CONCLUSION**

Accordingly, this action is dismissed for lack of subject matter jurisdiction.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/4/16